J-S58012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LATOYA MONIQUE FAULKS, | |
| Appellant | No. 542 MDA 2015 |

Appeal from the Judgment of Sentence November 18, 2014
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000118-2014

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED NOVEMBER 12, 2015**

Appellant, Latoya Monique Faulks, appeals from the judgment of sentence imposed following her bench conviction of endangering the welfare of a child (EWOC) and leaving an unattended child in a motor vehicle.[1] Appellant challenges the sufficiency of the evidence to support her EWOC conviction. We affirm.

The relevant facts and procedural history of this case are as follows. On December 5, 2013, Appellant parked her vehicle in a handicapped parking space outside of the Family Dollar Store in Williamsport.[2] The store

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4304(a)(1) and 75 Pa.C.S.A. § 3701.1(a), respectively.

[2] The outside temperature was approximately fifty degrees Fahrenheit. (**See** N.T. Trial, 9/22/14, at 15).

is located in a high-crime, high-traffic area, and there is a bus stop in its parking lot. Appellant exited her vehicle, leaving her five-month-old son sleeping in a car seat in the backseat unattended. Appellant left the vehicle's engine running with the keys in the car, the heat on, and the driver's side window half-down. Videotape surveillance footage shows Appellant entering the store at approximately 9:14 a.m. She went to the back of the store to retrieve lightbulbs while having a loud disagreement on her cell phone.

Customer Nicole Heart exited the Family Dollar Store and observed Appellant's son in the vehicle. She waited outside of the car for approximately three minutes and then called 911. Police Officer Jennifer Bowers responded as Appellant was leaving the store at approximately 9:23 a.m. When the officer approached Appellant to question her, Appellant laughed at her. Appellant initially told Officer Bowers that she was in the store for five minutes, but then reduced the time-period to two minutes.

On September 22, 2014, Appellant proceeded to a bench trial, and the trial court found her guilty of the above-mentioned offenses. On November 18, 2014, the court sentenced Appellant to a term of eighteen months' probation. Appellant filed a timely post-sentence motion on December 1, 2014.[3] The court heard argument on the motion on December 19, 2014,

_____

[3] The tenth day to file post-sentence motions fell on Friday, November 28, 2014, the day after Thanksgiving and a county holiday. Because Appellant
*(Footnote Continued Next Page)*

- 2 -

and entered an order and supporting opinion denying it on March 23, 2015.

This timely appeal followed.[4]

Appellant raises the following issue for our review:

1. Was the evidence presented at trial insufficient to prove, beyond a reasonable doubt, that [Appellant] committed the offense of endangering the welfare of children?

(Appellant's Brief, at 4) (most capitalization omitted).[5]

In her issue on appeal, Appellant contends that the Commonwealth failed to present sufficient evidence to sustain her EWOC conviction. (*See id.* at 8-15). Appellant argues that she did not violate a duty of care, protection, or support to her son, and that she was not aware that her actions placed him in circumstances that threatened his welfare. (*See id.* at 9). Appellant claims that she went into the dollar store to purchase medicine for her son because he was ill, and that the location and duration of her absence fail to establish that she knowingly placed his welfare in danger. (*See id.* at 9-10). This issue does not merit relief.

Our standard of review is as follows:

_____
*(Footnote Continued)* ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

filed her motion on the following Monday, it was timely. *See* 1 Pa.C.S.A. § 1908.

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on April 7, 2015. *See* Pa.R.A.P. 1925(b). The court filed an opinion on May 15, 2015, in which it relied on its previous opinion entered March 23, 2015. *See* Pa.R.A.P. 1925(a).

[5] The Commonwealth did not file a brief.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014), *appeal denied*, 101 A.3d 102 (Pa. 2014) (citation omitted).

The EWOC statute states, in pertinent part:

**(a)  Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304(a)(1).

>The Pennsylvania courts have established a three-part test that must be satisfied to prove EWOC:
>
>1)    [T]he accused [was] aware of his/her duty to protect the child;
>
>2)    [T]he accused [was] aware that the child [was] in circumstances that could threaten the child's physical or psychological welfare; and
>
>3)    [T]he accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Commonwealth v. Bryant*, 57 A.3d 191, 197 (Pa. Super. 2012) (citation omitted).

"In reviewing EWOC, Pennsylvania courts have long recognized that the legislature attempted to prohibit a broad range of conduct in order to safeguard the welfare and security of our children." *Id.* at 198 (citation and internal quotation marks omitted). Furthermore, "[t]he common sense of the community should be considered when interpreting the language of the statute." *Id.* (citation omitted).

Here, Officer Bowers testified that the Family Dollar Store is located in a high crime area where "[t]here [have] been multiple shootings . . . drug deals, burglaries, thefts and other violent crimes." (N.T. Trial, 9/22/14, at 20). She stated that, when she arrived at the scene, she observed Appellant's son in the vehicle and "[t]he driver's side window was halfway down, the keys were left in the vehicle, the vehicle was left running [and the

doors were] [u]nlocked." (*Id.* at 14). She further testified that she did not recall Appellant ever advising her that the child was ill, and that if Appellant had told her that, she would have included the information in her report. (*See id.* at 32). She also indicated that a customer would not be able to see Appellant's vehicle while purchasing lightbulbs in the store. (*See id.* at 18-19).

Nicole Heart testified regarding the location where Appellant parked her vehicle, and stated that a customer would not have been able to see it while walking around in the store or standing in the checkout line. (*See id.* at 8-9). Heart also testified that, while Appellant was in the store, she was talking loudly and belligerently on her cell phone, and did not appear to be in a rush. (*See id.* at 6, 10).

Appellant testified that, although she lives down the street from the store, she was not aware of the criminal nature of the neighborhood, and that she considers it safe. (*See id.* at 28). She explained that she parked her vehicle in the handicapped parking space so that she could see it while she was "rushing" in the store to purchase medicine for her son. (*Id.* at 27; *see id.* at 25-26). She testified that she left her car window partially down and that she did this "so [she could] reach into the car to unlock the door[.]" (*Id.* at 27-28; *see id.* at 31). She conceded that it would have been possible for "somebody else to put their hand inside of [her] car and unlock the door[.]" (*Id.* at 31). She also acknowledged that it was "very cold" that day. (*Id.* at 30).

After review of the record, under our standard of review, viewing the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences, we conclude that there was sufficient evidence for the court to convict Appellant of EWOC. **See Kearney**, **supra** at 64. Specifically, there was sufficient evidence for the court to find that Appellant knowingly violated her duty of care to her child when she left him unattended and out of her line of sight for a ten-minute period in a busy, high-crime area in an unlocked, running vehicle. The trial court did not credit Appellant's version of events, and it was within its province as fact-finder to assess the credibility of the witnesses and accept all, part, or none of the evidence. **See id**. Appellant's sole issue on appeal does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015